**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

CV 12 - 3712

---------------------------------------------------------------X   Case No.

MAREN WILLIAMS,

                      Plaintiff,

                                    **COMPLAINT**

-against-

ENHANCED RECOVERY COMPANY, LLC

                      Defendant.

GERSHON, J.
GO, M.J.

---------------------------------------------------------------X

        Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

## INTRODUCTION

        1.     This is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices. This action is also brought pursuant to New York General Business Law ("NYGBL") §349 regarding defendant's deceptive acts and practices.

## PARTIES

        2.     Plaintiff is a natural person who resides in this District and is a consumer as defined by the FDCPA, §1692a(3).

-1-

3.  Defendant is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6). Upon information and belief, defendant is a foreign limited liability company incorporated in Delaware. Defendant uses the mail to collect defaulted consumer debt owed or due or alleged to be owed or due to others.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. §1331 and supplemental jurisdiction exists over the NYGBL §349 claims pursuant to 28 U.S.C. §1367.

## FACTUAL ALLEGATIONS

5.  That plaintiff re-alleges paragraphs 1-4 as if fully re-stated herein.

6.  That plaintiff is alleged to owe a defaulted debt incurred for personal purposes to Verizon Wireless ("Verizon").

7.  That Verizon sent various communications to plaintiff in an attempt to collect the debt.

8.  That plaintiff conferred with her attorneys at Fagenson & Puglisi concerning Verizon's attempts to collect the debt from her.

9.  That by letter dated May 17, 2011, Concetta Puglisi, Esq. of Fagenson & Puglisi wrote to Verizon informing Verizon that Fagenson & Puglisi represents plaintiff and that plaintiff was disputing the debt. That said letter also requested information supporting Verizon's claim and further requested that plaintiff not be contacted directly concerning the debt.

10. That a copy of said May 17, 2011 letter is attached as Exhibit 1.

11. That by letter dated May 24, 2011, Verizon wrote to Ms. Puglisi, acknowledging receipt of her letter and providing the address of Verizon's legal department for the purposes of the making of legal requests.

12. That by letter dated June 1, 2011, Ms. Puglisi wrote to Verizon Wireless legal department at the address provided by Verizon in their May 24, 2011 letter.

13. That in said June 1, 2011 letter, Ms. Puglisi informed Verizon that Fagenson & Puglisi represents plaintiff and that plaintiff was disputing the debt. That said letter also requested information supporting Verizon's claim and further requested that plaintiff not be contacted directly concerning the debt.

14. That, on information and belief, said June 1, 2012 letter was also faxed by Fagenson & Puglisi to Verizon Wireless legal department at a facsimile number provided by Verizon in its May 24, 2011 letter.

15. That by letter dated April 6, 2012 defendant wrote to plaintiff in an attempt to collect the said debt.

16. That defendant sent said letter directly to plaintiff at her home.

AS AND FOR A FIRST CAUSE OF ACTION

FDCPA, §§1692c(a)(2), 1692e and 1692e(10)

17. That plaintiff re-alleges paragraphs 1-16 as if fully re-stated herein.

18. That, on information and belief, Verizon did inform defendant that plaintiff was represented by counsel in the matter of the collection of the debt.

19. That, in any event, defendant had an affirmative duty to inquire of Verizon whether plaintiff was represented by counsel in the matter.

20. That defendant did not comply with its duty to make such an inquiry of Verizon.

21. That, notwithstanding being informed by Verizon that plaintiff was represented by counsel, defendant sent the April 6, 2012 letter directly to plaintiff.

22. That defendant's said letter to plaintiff constitutes a violation of the FDCPA, §1692c(a)(2).

23. That defendant is further in violation of the FDCPA, §§1692e and 1692e(10) in that defendant's conduct in contacting plaintiff directly after knowledge of attorney representation constitutes a deceptive and misleading means used in an attempt to collect the debt.

## AS AND FOR A SECOND CAUSE OF ACTION

### NYGBL §349

24. That plaintiff re-alleges paragraphs 1 to 23 as if fully re-stated herein.

25. That each of the deceptive and misleading acts and practices above-mentioned was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL §349.

26. That defendant's deceptive and misleading acts and practices were consumer-oriented, in that defendant is a collector of consumer debts incurred principally or wholly by natural persons. On information and belief, defendant contacts thousands of consumers within New York State each year by mail.

27. That defendant has a pattern of mailing collection letters directly to thousands of consumers within New York State each year knowing that said consumers are represented by an attorney in connection with the debt it seeks to collect.

28. That plaintiff is a reasonable consumer within the meaning of the NYGBL.

29. That plaintiff suffered emotional distress, anxiety, harassment and abuse upon receiving defendant's letter, even after defendant was informed that she was represented by an attorney.

30. That defendant violated NYGBL §349(a) and is liable to plaintiff under NYGBL §349(h).

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) enjoining defendant from further direct contact with plaintiff pursuant to NYGBL §349.

(b) statutory damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial;

(c) statutory damages pursuant to NYGBL §349 in an amount to be determined at time of trial;

(d) reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. §1692k and NYGBL §349(h); and

(e) for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
      July 25, 2012.

                                    _____
                                    NOVLETTE R. KIDD, ESQ. (NK 9339)
                                    FAGENSON & PUGLISI
                                    Attorneys for Plaintiff
                                    450 Seventh Avenue, Suite 704
                                    New York, New York 10123
                                    Telephone: (212)268-2128
                                    Nkidd@fagensonpuglisi.com

# EXHIBIT 1

# FAGENSON & PUGLISI
Attorneys at Law
450 Seventh Avenue
Suite 704
New York, NY 10123

Lawrence M. Fagenson  
Concetta Puglisi  
Novlette Kidd

Tel (212) 268-2128  
Fax (212) 268-2127

May 17, 2011

Verizon Wireless
5175 Emerald Parkway
Dublin, OH 43017

Re: Our client: Maren Williams  
Wireless Acct. No.: 048████████

Dear Sir/Madam:

Please be advised that Fagenson & Puglisi represents Maren Williams. Ms. Williams disputes the debt you are attempting to collect.

Please provide this office with the name and address of the original creditor, documentation supporting your claim, and your New York City Department of Consumer Affairs license number. Do not contact our client directly. Delete or correct any negative entry which you may be reporting to the credit reporting agencies in accordance with the Fair Credit Reporting Act.

Should you have any questions please contact the undersigned. Fagenson & Puglisi is not authorized to accept service of process on behalf of any client.

Very truly yours,  
FAGENSON & PUGLISI

Concetta Puglisi, Esq.

CP: mo  
cc: Maren Williams